INÉS RIVERA RODRÍGUEZ, representing minors OLGA IRIS RIVERA RIVERA and LYDIA ESTHER RIVERA, Plaintiff and Appellee, *v.* PEDRO RIVERA RÍOS, Defendant and Appellant.

No. 11730. Argued January 3, 1956.—Decided February 14, 1956.

*Silvestre Cruz Disdier* for appellant. *Enrique Cuilan García* for appellee.

MR. JUSTICE SALDAÑA delivered the opinion of the Court.

Inés Rivera Rodríguez brought an action for support against Pedro Rivera Ríos, alleging that the latter is the father of her two minor daughters Olga Iris and Lydia Esther. The defendant denied the fact of the paternity and, after a trial on the merits, the Superior Court dismissed the complaint as to Lydia Esther and granted it as to Olga Iris,

to whom it awarded an allowance for support of $14 monthly. Feeling aggrieved by the judgment, the defendant took this appeal.

The lower court found, on the basis of the evidence presented, that Pedro Rivera and Inés Rivera lived together publicly as husband and wife in a ward of Orocovis from 1933 to 1946, and that during those years they begot five children whom defendant voluntarily acknowledged as his own. In 1946, the defendant was working away from Orocovis and returned home every two or three weeks. Upon learning that in his absence one Gregorio Vázquez slept in the house with Inés Rivera, the defendant separated from her and thereafter visited Inés' house only to see the children. On the other hand, Gregorio Vázquez continued his relations with the mother of the two minors from 1946 to the present time, first in Orocovis, then in Juana Díaz (since 1949), and lately in San Juan, where they live together as husband and wife. Lydia Esther was born in Orocovis on December 7, 1947, and Olga Iris in Juana Díaz on September 15, 1949. The defendant never acknowledged Lydia Esther as his daughter, but he did sign on September 21, 1949, the birth certificate as father of Olga Iris.

On the facts above recited, the Superior Court reached the conclusion that Lydia Esther is not the daughter of appellant, but held that in signing the birth certificate of Olga Iris the defendant acknowledged her as his daughter, and that such acknowledgment "is irrevocable since the defendant has not alleged that the acknowledgment was made through error, fraud, intimidation, or force." Consequently, it held that the defendant is the father of Olga Iris and ordered him to pay for her support.

The only question raised on appeal is merely whether the birth certificate of Olga Iris establishes the paternity of the child and binds the defendant to support her, as held by the Superior Court.

Section 125 of the Civil Code (31 L.P.R.A. § 504) provides (1) that the natural child may be recognized by the father and mother conjointly or by one of them only in the record of birth, and (2) that if the recognition of the minor is made at the time of recording the birth, the approval of the judge, with the concurrence of the prosecuting attorney, shall not be necessary. Since Olga Iris was born in 1949, there is no question that she could be acknowledged by the defendant of his own volition, irrespective of whether or not the parents could have married at the time she was conceived. 31 L.P.R.A. § 501. Hence, the signing of Olga's birth certificate by the defendant, as her father, established *ipso facto* her filiation, without the need for further determination or confirmation by the courts; and such act of voluntary acknowledgment entails all the consequences fixed by law, which cannot be limited or restricted by the father in any manner whatever. See *Cortés* v. *Cortés*, 73 P.R.R. 643, 653–54 (1952); *Fernández* v. *Heirs of Fernández*, 66 P.R.R. 831, 835 (1947); *Puente* v. *Puente*, 16 P.R.R. 556, 559–61 (1910); Muñoz Morales, *Reseña Histórica y Anotaciones al Código Civil de Puerto Rico* (Book One) (1947), 371. Among these consequences is, naturally, the obligation to support established in § § 143 to 151 of the Civil Code (31 L.P.R.A. § § 561–70).

■■ On the other hand, we agree with the Superior Court that the acknowledgment of a child is irrevocable, for otherwise it would be incompatible with the permanency of the civil status which is necessary in the social as well as in the economic order. As long as the legal status of the child is not defined, neither the rights inherent in the *patria potestas*, nor the obligations relative to support, nor the rights of succession, are firmly established.[1] Naturally, this

---

[1] *Cf.* § 672 of the Civil Code (31 L.P.R.A. § 2235). See Gómez Morán, *La Posición Jurídica del Menor en el Derecho Comparado* (1947) 102–04; Puig Peña, *Tratado de Derecho Civil Español*, Vol. II, Pt. II (1951) 69–70; Castán, *Derecho Civil Español*, Vol. IV (6th ed.) (1944), 20–21; Valverde, *Tratado de Derecho Civil Español*, Vol. IV (1926), 443–44; Muñoz Morales, *op. cit. supra*, 371.

rule of irretractability does not bar the father from challenging the acknowledgment made by him, provided he establishes that the consent was tainted with some defect which renders the act null and void, as, for example, conclusive error, fraud, violence, or intimidation.[2]   In the case at bar, the defendant neither alleged nor proved the nullity of his own act of acknowledgment.   He merely testified that he had not signed the birth certificate of Olga Iris.   However, the evidence was conflicting and the lower court held, as a question of fact, that the signature appearing on the certificate was actually that of the defendant.   There is nothing in the record to show that there was manifest error in the weighing of the evidence by the lower court.

The judgment appealed from will be affirmed.

---

[2] It has thus been held in Puerto Rico and Spain, in spite of the silence of the law as to the action of the father to challenge his own acknowledgment.   See *Alcaide* v. *Morales*, 28 P.R.R. 258, 271 (1920), and the *Judgment of June 25, 1909 of the Supreme Court of Spain* (115 Jur. Civ. 488).   It is also held in those judgments that such action prescribes at the end of 15 years, and that it may prosper only if the defect of the consent is established beyond any doubt and flows from the transcendental facts which affect directly and manifestly the will to perform the act of acknowledgment.   We are not concerned here with the action to challenge the acknowledgment which may be exercised by (1) "whomsoever may be affected thereby," pursuant to § 126 of our Civil Code, and (2) the acknowledged minor to establish the true paternity.   On these points, see Muñoz Morales, *op. cit. supra*, 393–401; Castán, *op. cit. supra;* 34 *Revista de Derecho Privado* 1038–39 (1950); Puig Peña, *op. cit. supra;* Manresa, *Comentarios al Código Civil Español,* Vol. I (1943) 649–50.